IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Harvey Kennedy, ) | Civil Action No. 9:08-cv-3938-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mike Hunt, Aiken County Sheriff; ) | |
| Charles Barranco, Chief Jailor; Southern ) | |
| Health Care Partner, Health Provider; ) | |
| Cathy Brown, Medical Director Nurse; ) | |
| Alene Overstreet, Food Director Aramark ) | |
| Food Service Provider, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who was incarcerated at the Aiken County Detention Center for a period of time in 2008, alleges violations of his constitutional rights during that period of incarceration.

The Defendants Southern Health Care Partner and Cathy Brown filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on February 24, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 25, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendants' motion may be granted. Notwithstanding these instructions and the specific warning as set forth in the Court's Roseboro order, however, Plaintiff failed to file any response, resulting



- 1 -

in a second order being filed on April 1, 2009 advising Plaintiff that if he failed to respond, this case could be subject to dismissal for failure to prosecute.

The Court subsequently received a notice of change of address from the Plaintiff, and by Order filed April 20, 2009 the Defendants were directed to resend a copy of their motion for summary judgment with attachments to Plaintiff at his new address, and Plaintiff was granted an additional thirty-four days to file his response to the motion for summary judgment. Plaintiff thereafter filed a memorandum in opposition to these Defendants' motion on May 1, 2009, following which Defendants' filed a reply memorandum on May 8, 2009.

The remaining Defendants filed motions for summary judgment on May 20, 2009, following which a second Roseboro order was entered on May 21, 2009. By separate Order, Plaintiff was also granted additional time to obtain and submit any medical evidence he wished to provide, and he was given a deadline of June 24, 2009 to file any material he wished to file in opposition to the pending motions for summary judgment. Plaintiff thereafter filed a memorandum in opposition on June 22, 2009, to which the Defendants Southern Health Care Partner and Brown filed a reply memorandum on June 30, 2009.

These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that during his period of incarceration at

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As these are dispositive motions this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein
(continued...)

- 2 -



the Aiken County Detention Center he was denied a medical examination by a physician upon his arrival even though he is a diabetic and suffers from chronic health issues with his lower back/spinal column and left leg. Plaintiff alleges that he was in fact never examined by a physician while he was at the detention center, with the only health professional he saw being the intake nurse who took his vital signs and asked him about any health problems. Plaintiff alleges that after writing a grievance, he was taken to the medical department where he was again seen by a nurse (the Defendant Cathy Brown) who "prescribed . . . medications for my conditions without [an] examination". Plaintiff alleges that Brown also denied his request for a medical device to ease his pain.

Plaintiff also alleges that the diet plan he was on, designed by the Defendants Aramark Food Service and Overstreet, was inadequate, and that he requested to speak with both medical and kitchen administrators about his concerns "to no avail". Plaintiff alleges that he also again asked the Defendant Brown for an assistive device, "a neck collar", to help with a degenerating disk at the base of his neck, but that his request was denied even though his need for such a device had been "prescribed by state and local physicians in Georgia [who had] long treated [his] condition . . . .". Plaintiff alleges that his requests for support hose for his left leg and for a "no prolonged standing" profile were also denied. Plaintiff has attached numerous documents to his complaint, including copies of inmate request forms, inmate grievance forms, and memoranda. Plaintiff seeks both monetary damages as well as certain injunctive relief.

The Defendants have submitted several affidavits and other exhibits in support of summary judgment in this case. An affidavit has been submitted by Janie Simpson, who attests that

---

[2](...continued)
are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.


she is a LPN at the Aiken County Detention Center, employed by the Defendant Southern Health Partners. Simpson attests that on September 29, 2008, she took a history from the Plaintiff and performed a physical examination as part of his admission to the Detention Center. Simpson attests that the record of this examination can be found in Plaintiff's medical records, a copy of which are attached as Exhibit A to her affidavit.

The Defendant Cathy Brown has submitted an affidavit wherein she attests that she is the Medical Team Administrator and also a LPN at the Detention Center. Brown attests that Plaintiff's attached medical records confirm that on September 29, 2008, within fourteen days of his entry into the Detention Center, Plaintiff was given a physical examination by a nurse, a procedure which is standard for Detention Centers. Brown attests that Plaintiff's medical records also confirm that he was given a diabetic diet upon entry into the Detention Center. Plaintiff's records further reflect that Plaintiff had been placed on the list to be seen by a physician on November 12, 2008, but that he was called to court on that date for sentencing. Plaintiff was thereafter put on the list to see the physician on November 19, 2008, but the medical staff was notified that Plaintiff would be transferred out of the Detention Center the following day.

Brown attests that, while at the Detention Center, Plaintiff was provided medication for his prostate on October 7, 2008, and that he was also provided with Zantac for acid relief. In response to Plaintiff's complaints of lower back pain and leg and spinal column problems, he was provided with Robaxim twice daily, Ibuprofen, and Metformin. Plaintiff was also started on blood sugar checks for his diabetes per the Detention Center's physician's orders. Brown attests that Plaintiff never told her that he wanted a collar for his neck, a back brace, or a shoe with a brace until after he had already filed this lawsuit, but that in any event, Plaintiff did not meet the criteria to receive these medical devices, but was instead given medication for his complaints. With respect



to Plaintiff's request that he have no prolonged standing, Brown attests that this request was denied because Plaintiff again did not meet the criterial for this request. Brown further attests that, with respect to Plaintiff's complaints of not having a fuller diet which allegedly had been provided for him at the Veteran's Administration Hospital, she [Brown] requested that Plaintiff sign a release so that she could obtain his VA records, but that Plaintiff refused to sign the release. <u>See</u> generally, Brown Affidavit.

An affidavit has also been submitted from Cynthia Carey, who attests that she is the Director, East Region, Nutrition & Operational Support Services for the Defendant Aramark Correctional Services, LLC. Carey attests that she is responsible for planning menus for a number of correctional institutions, including the Aiken County Detention Center, where menus are planned in four week intervals and forwarded to kitchen staff for preparation and serving to the inmate population. Carey attests that her menu planning responsibilities also include development of menus for the therapeutic needs of individuals as determined by medical personnel at correctional facilities, and that the menus developed meet the nutritional guidelines for the American Correctional Association, which are based upon the current Dietary Reference Intakes as established by the Food and Nutrition Board of the Institute of Medicine. Further, the therapeutic guidelines are provided in a Medical Nutrition Therapy and Religious Meals Manual, which includes a section for diabetic/calorie control diets. Carey attests that these guidelines are designed to meet the specific nutritional requirements of individuals with Type 1 (insulin dependant) diabetes mellitus or Type 2 (non-insulin dependant) diabetes requiring strict blood sugar control. A copy of the diabetic/calorie control diet section of this manual is attached to Carey's affidavit as Exhibit A, while sample diet menus are attached to her affidavit as Exhibit B. Carey attests that, given Plaintiff's status as a diabetic, medical staff at the detention center placed him on a diabetic diet limited to



twenty eight hundred calories per day, with his menu selections following the diabetic/calorie control diet. Carey attests that any change requested in Plaintiff's diet plan would have to be authorized by the detention center medical team. See Carey Affidavit, with attached Exhibits.

The Defendant Overstreet has provided an affidavit wherein she attests that she has served as the Food Service Director at the Aiken County Detention Center since December 2006. Overstreet attests that her responsibilities include the overseeing of food preparation and delivery to the inmate population, including to those inmates with medical conditions like diabetes that necessitate special dietary limitation. Overstreet attests that menus are set by the ACDC dietician (Carey) on a four week cycle, which includes daily menu schedules containing the correct portions to be served to inmates who have special dietary needs. Overstreet attests that these dietary restrictions are modeled after the diet plan for diabetics established by, among others, the American Diabetic Association. Overstreet attests that, because Plaintiff is a diabetic, his daily caloric intake would have been limited to twenty eight hundred calories from meals and an evening snack bag. Overstreet attests that she does not have discretion or authority to change an inmate's diet plan, which would have to be authorized by the ACDC medical team.

Overstreet attests that she never spoke or interacted with the Plaintiff during his period of incarceration at the detention center, and that her only source of knowledge regarding the Plaintiff is a written grievance he filed in October 2008, in which he claimed that he was not being served sufficient quantities of food. See also, attached Exhibit A (Grievance). Overstreet attests that, in response to this grievance, she prepared a memorandum addressed to the Plaintiff in which she explained her obligation to abide by his individual diet plan, as well as her lack of authority to deviate from that plan. See also, attached Exhibit B (Memorandum). See generally, Overstreet Affidavit, with attached Exhibits.



As attachments to his memorandum in opposition to the Defendants' motions, Plaintiff has submitted copies of medical records from 1979 relating to an operation he had on his leg. These records reflect that Plaintiff was discharged from medical care on May 30, 1979, with post operative x-rays showing good alignment of the tibia with a segment of the fibula missing. The last entry on the last document reflects that Plaintiff was "to be seen in the office in about a week for a recheck. At that time if swelling is not a problem, we will probably start weight bearing on this extremity." (See Exhibit dated May 30, 1979).

**Discussion**

As Plaintiff is no longer incarcerated at the Aiken County Detention Center, his claims for injunctive relief are moot. However, his claims for monetary damages survive his release, and are therefore still before this Court for disposition. See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248-249 (4th Cir. 2005); Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). With respect to those claims, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a



Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

**(Medical Claim)**

As (apparently) a pre-trial detainee during the time period set forth in the complaint, Plaintiff's claims are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). The Eighth Amendment is used to evaluate conditions of confinement for those convicted of crimes. However, for purposes of consideration of Plaintiff's claims, the standard of whether Plaintiff received constitutionally adequate medical care is essentially the same. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]. Under this standard, in order to establish a claim for constitutionally inadequate medical care sufficient to survive summary judgment, Plaintiff must present evidence to create a material issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

The evidence does not establish deliberate indifference to Plaintiff's serious medical needs by any Defendant. The material filed in support of the Defendants' motion for summary judgment includes Plaintiff's medical records from the Aiken County Detention Center, which show that Plaintiff was seen and treated for his medical complaints. None of the information contained in these medical records supports Plaintiff's claims of inadequate medical care, nor do Plaintiff's own exhibits attached to his complaint provide support for such a claim. The attachments to Plaintiff's



complaint include inmate request forms wherein he is requesting certain types of care and/or assistance based on his purported medical conditions. However, these documents do not constitute evidence that Plaintiff actually had any conditions requiring the medications or accommodations sought. Conversely, Plaintiff's medical records show that he was provided with medications for his complaints and that he was seen by medical personnel on numerous occasions, including being seen and evaluated by a registered nurse. There is nothing in these medical records to show that Plaintiff's constitutional rights were violated because his requests for additional, or a different kind of, care were not honored or because he was never seen by a physician prior to being released from the Detention facility.

The evidence also contains sworn statements by two registered nurses, including a defendant in this case as well as another nurse, both of whom were involved in providing direct care to the Plaintiff, and who attest that Plaintiff was afforded prompt and adequate care for his medical complaints. Plaintiff has provided no evidence from a medical professional to dispute these assertions. While Plaintiff may not agree with the extent and nature of the medical care he received, he cannot simply allege in a conclusory fashion that he did not receive adequate medical care or attention, otherwise provide no supporting evidence, and expect to survive summary judgment. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) [the Constitution "does not guarantee to a prisoner the treatment of his choice."]; Brown v. Thompson, 868 F.Supp. 326, 329-330, n. 2 (S.D.Ga. 1994); Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426



F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; see also Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, insufficient to defeat summary judgment on deliberate indifference claim]); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) [A physician's actions only rise to the level of deliberate indifference when the treatment provided is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."]; Casey v. Lewis, 834 F.Supp. 1569, 1583 (D.Ariz. Apr. 5, 1993).

In sum, the undersigned can discern no evidence of a constitutional violation with respect to Plaintiff's medical claim in the evidence presented to the Court, and Plaintiff's conclusory claims and allegations are, standing alone, insufficient to avoid dismissal of this case. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer, 511 U.S. at 837. Plaintiff may, of course, pursue a claim in state court if he believes the medical care he received was inadequate. However, the evidence before the Court is insufficient to raise a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs, the standard for a constitutional claim, and therefore his federal § 1983 medical claim is subject to dismissal. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law



duty of care]; Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

## II.

### (Diet Claim)

Plaintiff's claim with respect to the diet he was provided while at the Detention Center is also without merit. The Defendants have submitted evidence from dietary professionals attesting to the propriety of the diet provided to the Plaintiff. Plaintiff's medical records also reflect that this issue was addressed by medical personnel, and confirm the Defendant Brown's sworn statement that Plaintiff was asked to sign a release of information for the VA but that Plaintiff refused to do so. See Medical Records [Progress Note dated 10/28/08].

Again, the undersigned can discern no constitutional violation in this evidence. Plaintiff has provided no evidence whatsoever to support his claim that he was provided with an inadequate or improper diet while at the Detention Center, and absent any such evidence, the Defendants are entitled to summary judgment. Mays v. Springborn, ____ F.3d ____, 2009 WL 2046484 at * 4 (7th Cir. 2009)[For diet claim, prisoner must show Defendant was deliberately indifferent to an objectively serious risk of harm and that the Defendants knew about it and could have prevented it but did not]. Bailey v. Kitchen, No. 08-141, 2009 WL 102534, at * 3 (D.S.C. Jan. 12, 2009)["Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents"]; Morgan, 829 F.2d at 12 ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Levy, 1997 WL 112833 ["A defendant acts with deliberate indifference only



if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]; <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999)["Deliberate indifference is a very high standard - a showing of mere negligence will not meet it."]; <u>A.P. ex rel. Bazerman v. Feaver</u>, No. 04-15645, 2008 WL 3870697 at *12 (11th Cir. Aug. 21, 2008)["[D]eliberate indifference requires a much higher standard of fault than mere or even gross negligence . . . ."]. Therefore, this claim should be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motions for Summary Judgment **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 30, 2009

Charleston, South Carolina



- 12 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

