IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Harvey Kennedy, #90090,<br><br>Plaintiff,<br><br>v.<br><br>Mike Hunt, Aiken County Sheriff;<br>Charles Barranco, Chief Jailor;<br>Southern Health Care Partner, Health<br>Provider; Cathy Brown, Medical<br>Director/Nurse; Alene Overstreet,<br>Food Director, Aramark Food Service<br>Provider,<br><br>Defendants | Civil Action No. 9:08-cv-3938-SB-BM<br><br>**ORDER** |

This matter is before the Court upon the Plaintiff's *pro se* complaint, brought pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff asserts that, while he was incarcerated at the Aiken County Detention Center,[1] the Defendants violated his constitutional rights. Specifically, the Plaintiff asserts that he was denied appropriate medical care and treatment for his chronic health issues of diabetes, lower back pain, left leg cartilage damage, and spinal problems. He claims that he was never seen by a physician and that the Defendants' denied his requests for certain prosthetic devices and a new mattress. The Plaintiff also asserts that the diet provided by the Defendants was inadequate because it was 2800 calories and he needed 3200 to 3500 calories.

The Defendants filed motions for summary judgment, along with various attached

---

[1] The Plaintiff was apparently a pre-trial detainee at the time relevant to his complaint, as he asserts that he was "awaiting a hearing for failure to stop for a blight light/siren." (Entry 1 at 3.)

exhibits that indicate, *inter alia*, that the Plaintiff was seen by nurses at the Detention Center; that the Plaintiff was given a diabetic diet and regular blood sugar screenings; that the Plaintiff was prescribed medication for acid reflux and pain; and that the Plaintiff did not meet the standards to receive a special "no prolonged standing" designation, certain medical devices, or a firmer mattress. The Plaintiff filed responses to the Defendants' motion along with certain medical records from 1979.

After a review of the record, and in accordance with 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Bristow Marchant issued a report and recommendation ("R&R"), recommending that the Court grant the Defendants' motions for summary judgment. In the R&R, the Magistrate Judge outlined the relevant facts and appropriate legal standards and determined that the evidence in the record was insufficient to raise a genuine issue of material fact as to whether the Defendants were deliberately indifferent to the Plaintiff's serious medical needs, the standard for a constitutional claim pursuant to 42 U.S.C. § 1983. In addition, the Magistrate Judge determined that the Plaintiff's claim of an inadequate diet failed for the same reasons.

The Plaintiff filed written objections to the R&R. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within 10 days after being served with a copy of that report). However, in his objections, the Plaintiff fails to point to any specific factual or legal error in the R&R. The Plaintiff asserts that the Defendants "have submitted misleading factors and erroneous statements," but the Plaintiff does not identify anything misleading or erroneous. (Entry 67 at 1.) In addition, the Plaintiff requests the appointment of counsel and asserts that "John Marshall's opinion in Marbury v. Madison, is a beautiful illustration of a tour de-force in arguementation [sic]." (Entry 67 at 2).

2

The Court is charged with a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id.

Here, after a careful review of the Plaintiff's non-specific objections, the Court finds them to be without merit. Moreover, with respect to the Plaintiff's request for counsel, "[i]t is well settled that there is no right to the appointment of counsel in an action brought pursuant to 42 U.S.C. § 1983." Joe v. Funderburk, 2006 WL 2707011, * 4 (D.S.C. Sept. 18, 2006) (citing Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975)). Furthermore, although the courts have the authority to appoint counsel for indigent defendants in civil cases, see 28 U.S.C. § 1915(e), courts should only exercise this authority in "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Because the Court finds no exceptional circumstances warranting the appointment of counsel, the Court denies the Plaintiff's request.

Having thoroughly reviewed the record, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 65) is adopted and incorporated herein by specific reference, and the Defendants' motions for summary judgment (Entries 34, 55, and 58) are granted.

**AND IT IS SO ORDERED.**

_____
The Honorable Sol Blatt, Jr.
Senior United States Magistrate Judge

February 10, 2010
Charleston, South Carolina

#4